**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States of America v. Julia Violet Brusell*
Case No. 3:23-cr-00104-TMB-MMS-8

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Julia Violet Brusell's ("Brusell") Expedited Motion for Review of Detention Order (the "Motion").[1] Brusell asks the Court to "revoke or amend [the Magistrate Judge's] order of detention" and order her release to an inpatient substance abuse treatment facility.[2] The United States (the "Government") opposes the Motion.[3] The United States Probation and Pretrial Services ("USPO") recommends detention.[4] This matter is ripe for review, and the Court determines that it has jurisdiction to review Brusell's detention order because it has original jurisdiction over the offense.[5] Upon *de novo* review,[6] for the reasons discussed below, the Court **DENIES** the Motion. Accordingly, the Order of Detention is **AFFIRMED**.

*A. Background*

On November 15, 2023, a grand jury indicted Brusell on one count of Conspiracy to Commit Money Laundering.[7] An arrest warrant was issued and Brusell was arrested on December 2, 2023, in Ketchikan.[8] She was arraigned on December 14, 2023, and pleaded not guilty.[9] The Magistrate Judge issued an Order of Temporary Detention[10] and subsequently ordered her release with conditions on December 22, 2023.[11]

On January 16, 2024, USPO filed a Petition for Action on Conditions of Pretrial Release alleging nine violations of Brusell's pretrial release conditions, including: failing to board a plane to reside at an address approved by USPO; thereafter residing at unapproved residences; failing to follow

---

[1] Dkt. 300 (Motion for Review of Detention Order); Dkt. 301 (Motion for Expedited Consideration of Motion for Review of Detention Order).
[2] *Id.* at 1, 5; *see* Dkt. 290 (Oral Order of Detention).
[3] Dkt. 305 (Government Response).
[4] Dkt. 289 (Sealed USPO Memorandum).
[5] 18 U.S.C. § 3145(a)(1).
[6] *See* 18 U.S.C. § 3145(c); *United States v. Koenig*, 912 F. 2d 1190, 1191–93 (9th Cir. 1990) (holding that district courts must engage in *de novo* review of magistrate orders granting or denying pretrial release).
[7] Dkt. 2 (Indictment).
[8] Dkt. 74 (Minute Entry).
[9] *Id.*
[10] Dkt. 77 (Order of Temporary Detention).
[11] Dkt. 123 (Minute Entry); Dkt. 124 (Order Setting Conditions of Release).

USPO directions communicated by her locational monitoring tracker; moving residences without permission; allowing her GPS device battery to deplete; and admitting to smoking marijuana.[12] A warrant was issued for her arrest, and she was arrested on January 31, 2024.[13] On March 20, 2024, Brusell admitted to all nine alleged violations and the Magistrate Judge ordered her detention.[14]

On June 26, 2024, Brusell moved the Court for a bail review hearing because she had secured a 6- to 12-month placement at Genesis Recovery Services, Inc., a residential substance abuse treatment program in Anchorage.[15] The Magistrate Judge granted her motion for bail review and held a bail review hearing on July 9, 2024.[16] Brusell orally moved for release with conditions at the hearing but the Magistrate Judge denied her oral motion.[17] On July 22, 2024, Brusell moved this Court to review the Magistrate Judge's Order of Detention.[18]

In her Motion, Brusell asks the Court "to consider revocation or amendment of the Order of Detention" and "to release [her] to inpatient treatment at Genesis Recovery Services in order for her to complete 6–12 months of inpatient treatment."[19] She observes that the facility can accommodate her GPS location monitoring release condition, that she has a placement reserved until July 30, 2024, and that "it took [her] many months to coordinate this treatment opportunity."[20] Noting that she "has spent over six months in custody" and no trial date is set, she also suggests release is appropriate because "her time spent in treatment is much more beneficial to herself and others than remaining incarcerated on a single count with no trial date in sight."[21]

Opposing the Motion, the Government argues that Brusell's detention is appropriate pursuant to 18 U.S.C. § 3148.[22] First, it argues that there is clear and convincing evidence that she violated her conditions of release.[23] The Government notes that Brusell admitted to changing her flight to Ketchikan without informing USPO; staying in a hotel for two nights without USPO approval; staying at several different unapproved residences in Ketchikan without USPO approval; failing to communicate with USPO as directed; moving her GPS beacon without permission; allowing her GPS battery to deplete; and using marijuana.[24] Second, it argues that Brusell is unlikely to abide by any condition or combination of conditions of release because she "has an extensive history of noncompliance with court orders and failure to appear," starting at age 18 and continuing through the present, "with the most recent failure to appear occurring only two years ago."[25]

---

[12] Dkt. 191 (Petition for Action) at 1–2.
[13] Dkt. 209 (Arrest Warrant).
[14] Dkt. 256 (Minute Entry); Dkt. 258 (Order of Detention).
[15] Dkt. 300 at 4; *see* Dkt. 280 (Unopposed Motion to Set Bail Review Hearing).
[16] Dkt. 281 (Text Order Granting Unopposed Motion for Bail Review Hearing); Dkt. 290.
[17] Dkt. 290.
[18] Dkt. 300.
[19] *Id.* at 5.
[20] *Id.*
[21] *Id.* at 5–6.
[22] Dkt. 305 at 7.
[23] *Id.* at 4–6.
[24] *Id.*
[25] *Id.* at 6.

Noting her prior repeated failures to appear for low-level charges and her immediate violations upon release in this case, the Government suggests "[i]t is wholly apparent that location monitoring does not deter the defendant from leaving USPO approved residences."[26] Moreover, it observes that Genesis Recovery Services "is not a secure facility" and that Brusell "would be free to leave at any time."[27] As such, the Government argues she "is unlikely to abide by any condition or combination of conditions of release" and opposes her release plan.[28]

USPO recommends Brusell's continued detention.[29] Noting her significant criminal history, which includes charges for assault and weapons possession, as well as substance abuse violations and violent behavior while on supervised release, USPO suggests that Brusell poses a danger to the community.[30] It also recommends that she poses a significant flight risk given her extensive history of noncompliance while on supervised release, including multiple failures to appear, committing new crimes while under supervision, and falsifying her identity.[31] Although USPO acknowledges she has been accepted into a residential treatment program, it expresses concern that she will not comply with the program's rules and regulations and therefore recommends her continued detention.[32]

### B. Legal Standard

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."[33] The court having original jurisdiction over the offense shall determine a motion for revocation of a detention order or an appeal of a detention order promptly.[34] This Court reviews a magistrate judge's pretrial detention order under 18 U.S.C. § 3145(c) *de novo*.[35]

Under the Bail Reform Act, "[a] judicial officer authorized to order the arrest of a person . . . before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter."[36] A defendant shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[37] Federal Rule of Criminal Procedure ("Rule") 32.1(a)(6) establishes that before a magistrate judge, the defendant has the

---

[26] *Id.* at 7.
[27] *Id.*
[28] *Id.*
[29] Dkt. 289 at 2.
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] 18 U.S.C. § 3145(b).
[34] 18 U.S.C. § 3145(b), (c).
[35] *United States v. Koenig*, 912 F. 2d 1190, 1191–93 (9th Cir. 1990) (holding that district courts must engage in *de novo* review of magistrate orders granting or denying defendants' pretrial release).
[36] 18 U.S.C. § 3141(a).
[37] 18 U.S.C. § 3142(e)(1).

burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community.[38] Doubts regarding the appropriateness of pretrial release must be "resolved in favor of the defendant."[39]

Further, under 18 U.S.C. § 3148, "[a] person who has been released . . . and who has violated a condition of [] release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."[40] After a hearing, a judge "shall enter an order of revocation and detention if" the judge:

> (1) finds that there is—
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that—
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.[41]

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court considers: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a minor victim; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics (including the defendant's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.[42]

### C. Discussion

Upon a *de novo* review, the Court concludes that Brusell's detention is appropriate under 18 U.S.C. § 3148. First, the Court finds that there is clear and convincing evidence that Brusell violated her release conditions. Brusell admitted to all nine violations in USPO's Petition for Action on

---

[38] Fed. R. Crim. P. 32.1(a)(6).
[39] *Diaz-Hernandez*, 943 F.3d at 1198 (citing *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)).
[40] 18 U.S.C. § 3148(a).
[41] 18 U.S.C. § 3148(b).
[42] *See* 18 U.S.C. § 3142(g); *Diaz-Hernandez*, 943 F.3d at 1198; *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *United States v. Mendez*, No. 1:21-CR-00095-ADA-BAM, 2023 WL 3931720, at *3 (E.D. Cal. June 9, 2023).

-4-

Case 3:23-cr-00104-TMB-MMS   Document 306   Filed 07/26/24   Page 4 of 5

Conditions of Pretrial Release, including changing her flight to Ketchikan without USPO approval, staying at unapproved residences, failing to communicate with and follow directions from USPO, allowing her GPS device battery to deplete, and smoking marijuana.[43]

Second, applying the factors under 18 U.S.C. § 3142(g), the Court concludes that there is no condition or combination of conditions of release that will assure that Brusell will not flee or pose a danger to the safety of any other person or the community. Brusell is charged with conspiring with others to launder money by purchasing $1,000.00 in MoneyGram money orders eight times on August 24, 2022, a serious offense that carries the potential for a lengthy term of incarceration.[44] The record also shows Brusell has a significant criminal history, including crimes of violence, weapons possession, and falsifying her identity, and that she has an extensive history of noncompliance including substance abuse violations and multiple failures to appear while on pretrial and supervised release. Considering these factors, the Court finds that Brusell poses a sufficient risk of both flight and danger to the community to justify detention, and there are no conditions or combination of conditions that would reasonably assure the safety of any other person or the community or Brusell's appearance should she be released.

The Court also concludes that Brusell is unlikely to abide by any condition or combination of conditions of release. The Court acknowledges that Brusell likely would benefit from substance abuse treatment. However, given her history of noncompliance, the Court is concerned that she is unlikely to remain at Genesis Recovery Services, an unsecured facility, to complete 6–12 months of inpatient treatment, even with a condition requiring GPS location monitoring. Brusell has demonstrated a consistent pattern of noncompliance and failure to appear while on pretrial and supervised release. She began violating her release conditions immediately upon release in this case, including failing to maintain functionality of her GPS device. Therefore, the Court finds that Brusell is unlikely to abide by any condition or combination of conditions of release if she is released. Accordingly, the Court concludes that her detention is appropriate pursuant to 18 U.S.C. § 3148.

### D. Conclusion

For the foregoing reasons, the Court **DENIES** Brusell's Motion at Docket 300 and **AFFIRMS** the Magistrate Judge's oral Order of Detention at Docket 290. It is **FURTHER ORDERED** that the defendant remain in the custody of the United States Marshal Service.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:   July 26, 2024.

---

[43] Dkt. 191 at 1–2; Dkt. 256; Dkt. 258.
[44] Dkt. 2 at 2–4.